Coös,
June 25, 1931.

RALPH A. MERRITT *v.* MABEL F. MERRITT.

*Ovide J. Coulombe* and *Ira W. Thayer,* for the plaintiff.

*Walter W. Pyne* (of Massachusetts) and *Matthew J. Ryan* (*Mr. Ryan* orally), for the defendant.

BRANCH, J. The parties were the only witnesses in this case. The testimony of the defendant was wholly inconsistent with the plaintiff's claim of abandonment. The defendant's exceptions, therefore, raise the question whether the testimony of the plaintiff himself furnished any evidence from which the facts necessary to sustain the decree might be found.

The libel was filed upon July 10, 1929. The divorce decree therefore involves a finding that before that date the defendant had "abandoned and refused, for three years together, to cohabit with" the plaintiff. P. L., c. 287, ss. 6, par. IX, and 7.

The plaintiff testified that he left his wife on or about March 1, 1926, at Lynn, Massachusetts, where they had resided up to that time. When he took his departure he was short in his accounts with the corporation by which he had been employed and had just recovered from the effects of a dose of iodine which he had taken, apparently with suicidal intent, upon a street in Lynn. He came to Gorham, in this state, and has ever since resided in Coös county. He testified that he had an understanding with his wife that he "was to come up here, and she was to follow later," and that he came to Gorham "for the purpose of making a home here in this country."

No claim was made by the plaintiff that the original separation in Lynn constituted an abandonment of him by the defendant and obviously no such claim could have been sustained if it had been made. Since the defendant was not then at fault it was necessary for the plaintiff, in order to make out a case, to show some later conduct on her part from which it might be found that the continuance of the separation for a period of three years before the filing of the libel was the result of an abandonment of the marital relation by her. In order to supply this proof the defendant undertook to show that he had requested his wife to come and live with him in this state and that she had, without justification, neglected and refused to do so. No personal interview between the parties took place, and the only evidence of such a request is contained in a letter written to the defendant by the plaintiff's lawyer, as follows:

"July 8, 1926.

"Mrs. Mabel F. Merritt,

Lynn, Mass.

"Dear Madam:

"Your husband Ralph has consulted me with reference to certain letters that he has received from you about your support. Your husband has had hard luck since he struck this part of the country, and has only recently secured a steady job. He does not make enough wages to support separate establishments, but is now in a position to furnish you a home in Berlin.

"If you are ready to come and live with him, he will send you money to come here and furnish you as good a home as his circumstances will

allow. If you are unwilling to come to live with him, the best that he can do for you at the present time is to send you $5.00 a week.

"Kindly write either me or your husband what you decide to do.

Very truly yours,

O. J. Coulombe."

The plaintiff testified that he never received any reply to this letter, although the defendant asserted that one was mailed to him. In answer to the question "You began to date your three years from that July 8, 1926, didn't you?" he replied "Yes." Unless the defendant's failure to reply to the foregoing letter justifies a finding of abandonment on her part the decree must be set aside, for no other ground upon which it can be sustained is suggested by the plaintiff or disclosed by an examination of the evidence.

The defendant advances a convincing argument that her failure to reply to the above letter, if established, was not sufficient to charge her with abandonment because the letter was not written in good faith, but merely to lay the foundation for a divorce proceeding. In support of this argument she relies upon the plaintiff's admissions upon cross-examination that at the time the letter was written he was not in a position to furnish her a home, or even to defray the cost of her transportation from Lynn to Berlin. It is well settled law that no demand or request for a resumption of marital relations can have the effect of putting the other party in default unless made in good faith. *Walker* v. *Laighton,* 31 N. H. 111. See also *Roberson* v. *Roberson*, 41 Nev. 276, where the subject is considered at length. If the plaintiff is bound by his admissions on the stand, as he apparently is under the rule laid down in *Harlow* v. *Leclair*, 82 N. H. 506, the defendant's argument would seem to be well founded, but we do not choose to rest our decision upon this ground since the plaintiff's letter was ineffective to charge the defendant with abandonment for another and more obvious reason.

Counsel for the plaintiff include in their brief, as a satisfactory statement of the law, the following quotation: "When a husband has established a marital domicile, and makes a peremptory and unconditional demand upon the wife to live with him there, her unjustified refusal to do so, persisted in for the statutory time, constitutes desertion." 19 C. J. 60. It may be doubted whether the word "peremptory" happily characterizes the kind of a demand or request which must be made in order to place upon the other party the onus of abandonment, but there can be no doubt as to the soundness of the principle here somewhat obscurely suggested. It is plain that in a

case where a separation has been brought about by the act of the husband any communication from him which is relied upon to charge the wife with abandonment must contain such an offer, request or demand for the resumption of marital relations as will call upon her to decide definitely whether she will live with him again or not. As the California court said, with reference to a similar situation: "If the plaintiff intended to visit upon her the penalty of disobedience, he should have presented to her, in plain and unequivocal terms, the alternative of a compliance with his wishes, or a surrender of all her claims to his support and protection." *Hardenbergh* v. *Hardenbergh*, 14 Cal. 654, 657. To the same effect are *Vosburg* v. *Vosburg*, 136 Cal. 195 and *Goldstein* v. *Goldstein*, 26 Atl. 862 (N. J.)

A request or demand to which conditions are attached, addressed by a husband to his wife, does not present to her the simple question whether she will again resume her married life with him, and hence, a failure to comply with its terms will not be sufficient to charge her with abandonment. *Hughart* v. *Hughart*, 5 Ky. L. 931; *Heaton* v. *Heaton*, 8 Pa. Dist. C. 658; *Fishli* v. *Fishli*, 2 Litt. (Ky.) 338.

Not only must such a request present to the wife this definite question for decision, but it must be backed by a willingness and ability to furnish her with a suitable home and a disposition to treat her decently if she decides to come back. Whether it is necessary for the husband actually to secure a new tenement for his wife to occupy before he can make an effective demand for her to return, is a question which we need not pass upon at this time. See *Walker* v. *Laighton, supra*, 117.

The letter written by the plaintiff's lawyer upon July 8, 1926, which has been quoted, was not of the character indicated above. It did not call upon the defendant to make a definite decision as to whether she would again resume her married life with him. On the contrary, it offered her an alternative—either to come to Berlin and accept such a home as he might be able to provide, regarding which no assurance of suitability was given, or to continue her residence in Lynn and receive from him five dollars per week toward her support. It definitely expressed the willingness of the plaintiff to pay the defendant five dollars per week if she preferred to remain in Lynn and *a fortiori* must be construed as an expression of his willingness that she stay in Lynn if she did not call upon him for the proffered support. If, in spite of her testimony to the contrary, it can be believed that the defendant failed to answer this letter, such neglect would at most indicate that she preferred to remain in Lynn upon the terms last sug-

gested. Under these circumstances the failure of the defendant to rejoin her husband at Berlin cannot possibly be regarded as an abandonment. It is elementary that a husband cannot complain of an absence on the part of his wife to which he has consented. 9 R. C. L. Tit., Divorce and Separation, s. 144. *Smith* v. *Smith*, 12 N. H. 80; *Kimball* v. *Kimball*, 13 N. H. 222.

It seems clear that the trial court must have misconstrued the letter in question and attributed to it a force which it did not possess. Since the decree is otherwise without support in the evidence it follows that the order must be

*Libel dismissed.*

All concurred.