## McLemore *v.* McLemore.

(Division B.   Oct. 14, 1935.)

[163 So. 500.   No. 31800.]

**Sullivan & Sullivan,** of Hattiesburg, for appellant.

**Hearst, Pittman & Pittman,** of Hattiesburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

A bill was filed by the wife, appellant, against her husband for a divorce and for alimony, upon the statutory charge of desertion. The testimony is undisputed that the husband left the matrimonial domicile at a time more than three years before the institution of the suit. He did not then, nor does he now, assert any complaint of misconduct on the part of his wife; he frankly stated as a witness that he was simply not satisfied with married life. He asserts that the separation was by mutual agreement, but the evidence is not sufficient to sustain that contention in point of law; and as we read the opinion of the chancellor, his finding is, in fact, that the wife was deserted by the husband.

The chancellor denied the relief prayed, however, on the ground, as stated in his opinion, that subsequent to the time of the separation the husband on one occasion offered to return to his wife and resume the marriage relations, and that the wife agreed to consider the offer, but upon condition that the husband first free himself from the trouble in which he was involved. The chancellor then proceeds in his opinion to say that the presumption of law is that the husband had done what he should have done, and thus the husband is presumed to have freed himself from the trouble, and thereby to have purged himself of the charge of a continued and obstinate desertion.

The trouble referred to, and to state the same briefly, was, according to the evidence introduced in behalf of the wife, that the husband had, before the separation, formed an illicit attachment with another woman, and had become so entangled in that affair as to cause him

to disclose it to his wife and to state to her that he was obliged to get a divorce, so as to marry the other woman, and that such statements or those of like import were repeated and urged by him on several occasions, with considerable persistence. The husband denies any such outside affair, but admits that he made some such representations or statements to his wife, but asserts that he did so as a joke. In view of the whole testimony, the condition required by the wife as a prerequisite for forgiveness of the desertion, particularly in view of the other matter, was, to say the least, a reasonable one, and the husband should have followed it up by some dependable showing made to her, either that he had never been in such trouble, or else that he had in truth and in fact permanently and absolutely rid himself of it, as would have been sufficient to satisfy a reasonably prudent and decent wife. This he did not do nor attempt to do; and he is not entitled to stand, so far as she is concerned, upon a dry presumption, which at most is only a presumption.

An offer of reconciliation and return, when made by the spouse who has deserted the other, must be in the sincere effort to right the wrong, and, in all things, in good faith by the offeror; and the offeree is entitled to a dependable showing of such sincerity and good faith, and a reasonable time and opportunity to consider the offer and the dependability of the representations made in respect to it. When the separation has been by the husband without the wife's fault, or serious fault, as is the case here, and complying with the requirements aforesaid he offers a reconciliation and return, he must not only give a reasonable time for its consideration by the wife, unless she at once positively and unequivocally reject it, which is not the case here, but after such time he must follow it up by a suitable inquiry as to what she has decided to do, and he must meet any further objections that she may present, provided, of course,

these objections are upon facts and are such as the law regards as good and valid. To require less than this would be to make the test of sincerity and good faith on the part of the husband to stand upon a basis too frail and insubstantial to be worth while in such serious matters in life. But in this case the husband wholly failed in anywise to follow the matter up; so that the casual offer of reconciliation by the husband was incomplete as respects the requirements of the law, and remains, therefore, as if not made at all. See 9 R. C. L., p. 373.

The chancellor was of the opinion, as it seems, that no evidence was competent to be finally considered which related to the alleged illicit affair of the husband, above mentioned, because it was not charged in the bill. The bill contains the usual, and all the requisite, averments of a bill for divorce upon the ground of willful, continued, and obstinate desertion. The affair just mentioned was simply evidentiary both on the inquiry as to the blamableness of the separation, and the reasonableness of the aforementioned requirement of the wife as a condition of her resuming marital relations with her husband; and, being evidentiary only, was not required to be expressly pleaded. The ultimate essential facts upon which any cause of action, or an affirmative defense thereto, is based must be averred, but not the items of the evidence by which the ultimate essential facts are to be approved.

Reversed and remanded.