FRANCIS X. McCURRY v. LILLIAN H. McCURRY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued November 8—decided December 14, 1939.

*Maurice J. Buckley,* for the appellant (plaintiff).

*John F. Keating,* for the appellee (defendant).

AVERY, J.   The plaintiff brought this action seeking a divorce.   The complaint was in three counts charging desertion, intolerable cruelty, and fraudulent contract.   The answer was a general denial with a special defense claiming laches and condonation.   By order of the court the case was referred to a state referee who, after hearing, reported these facts: The parties intermarried April 16, 1931.   The plaintiff is a Roman Catholic and the defendant a Protestant.   While the parties were engaged, the plaintiff told the defendant that any children of the marriage would be reared in the Catholic faith.   The defendant was unwilling to agree to this and the engagement was broken.   Later it was renewed and prior to the marriage the defendant executed an agreement that any children of the marriage should be so reared.   The parties have never consummated their marriage, due to the refusal of the defendant to have sexual intercourse with the plaintiff.   They lived in a three room apartment for three months, occupying the same room with a double bed; they then moved to another apartment where they occupied the same room with twin beds.   After three or four years, they moved to the home of the defendant's parents where they occupied the same room until June 28, 1937, when the plaintiff left the de-

fendant. As a result of defendant's refusal of intercourse, the plaintiff became nervous and suffered somewhat from sleeplessness, and in the spring of 1937 consulted a physician for this condition, but his health was not seriously affected. Some time after the plaintiff left the defendant, a physician to whom she went for an operation ascertained that it would have been practically impossible for her to have had sexual intercourse. It did not appear that this was known to either of the parties while they were living together. Two aunts and a younger brother of the defendant have become insane. The plaintiff learned of the insanity in defendant's family about two years after the marriage. It did not appear whether or not her refusal of intercourse was influenced by her knowledge of insanity in her family. When the parties became engaged, the defendant told a friend that she was not going to have children.

The state referee found that there was no other evidence to support the plaintiff's allegations that the defendant concealed from the plaintiff an intention to refuse to consummate the marriage and never legally gave her consent thereto and found that the plaintiff had failed to prove these allegations. The state referee further found that the plaintiff had failed to prove the allegations of desertion or intolerable cruelty unless the facts stated constituted, as a matter of law, desertion or intolerable cruelty.

Upon the coming in of the referee's report the court entered judgment in favor of the defendant and the plaintiff has appealed and has asked for numerous corrections of the report, but no correction can be made by which the position of the plaintiff will be advantaged. The referee refused specifically to find that the defendant entered into the marriage with the concealed intent not to consummate it or to have chil-

dren and found that the plaintiff had failed to prove that allegation of the complaint. The existence of such an intent would be a question of fact; and we cannot hold that no other conclusion was reasonably possible than that she had that intent when she was married. The claim of intolerable cruelty was not seriously urged by the plaintiff in brief or argument. In any event, the conduct of the defendant under the circumstances of this case falls short of constituting intolerable cruelty. *VanGilder* v. *VanGilder*, 100 Conn. 1, 4, 122 Atl. 719; *Swist* v. *Swist*, 107 Conn. 484, 489, 140 Atl. 820; *Kilpatrick* v. *Kilpatrick*, 123 Conn. 219, 221, 193 Atl. 765.

The only question remaining to be considered on this appeal is whether, upon the facts found by the state referee, the plaintiff was entitled to a divorce upon the ground of desertion. By the weight of authority refusal of marital intercourse is not in itself desertion; but becomes so only when coupled with a substantial abandonment of other marital duties. 19 C. J. 58; 17 Am. Jur. 206; Keezer, Marriage & Divorce (2d Ed.) § 333. Under our statute, General Statutes, § 5174, the court may grant a divorce for "wilful desertion for three years with total neglect of duty." The elements of a cause of action on the ground of desertion have been defined as follows: (1) cessation from cohabitation; (2) an intention on the part of the absenting party not to resume it; (3) the absence of the other party's consent; and (4) the absence of justification. *Todd* v. *Todd*, 84 Conn. 591, 80 Atl. 717; *Dow* v. *Dow*, 97 Conn. 488, 490, 117 Atl. 507. "The statutory offense of desertion . . . contains in it the intent to put an end to the marital condition, and the intent never to renew it." *Tirrell* v. *Tirrell*, 72 Conn. 567, 571, 45 Atl. 153. "The offence of desertion consists in the cessation of cohabitation, coupled with a

determination in the mind of the offending person not to renew it. This intent is the decisive characteristic, and the question of intent is always a question of fact, but must be proved either by direct evidence or as the necessary and certain consequence of other facts clearly proved." *Bennett* v. *Bennett,* 43 Conn. 313, 318. The language of our statute, "total neglect of duty," contemplates a complete separation of the parties for the statutory period accompanied with a design on the part of the one who has left the common abode not to resume cohabitation. It imports a cessation of cohabitation, a refusal to live together, which involves an abnegation of all the duties and obligations resulting from the marriage contract. The mere refusal to permit marital intercourse standing by itself and accompanied by no other fact does not constitute desertion. *Southwick* v. *Southwick,* 97 Mass. 327, 328; *Stewart* v. *Stewart,* 78 Me. 548, 7 Atl. 473, 474.

There is no error.

In this opinion the other judges concurred.