## JAMES GULLOTTA
*vs.*
## ROSE GULLOTTA

Superior Court          Fairfield County          File No. 61448

MEMORANDUM FILED APRIL 25, 1942.

*Cohen & Schine,* of Bridgeport, for the Plaintiff.

*Robert R. Rosan,* of Milford, for the Defendant.

Memorandum of decision in action for divorce.

CORNELL, J. Plaintiff petitions for a decree of divorce against defendant on the ground of desertion; defendant counters with a cross-complaint, demanding that a decree be awarded her against plaintiff on (a) the ground of desertion and (b) that of intolerable cruelty. Notwithstanding much of evident misstatement palpably induced by partiality on the part of witnesses, not all of the material facts are the subject of dispute or unascertainable without too much difficulty.

The parties were married at Long Island City, N. Y., on September 6, 1931, and immediately thereafter went to Pleasantville, N. Y., to live in a home which the plaintiff, with the aid of his father, had built. Almost from the beginning the marriage tie was subjected to great strain. Defendant complained because of alleged interference on the part of her mother-in-law and found the restraints of a rather circumscribed social life difficult to accommodate herself to. Both were possessed of hot tempers which when aroused were vented in violence of language and action. They frequently quarreled and on several such occasions plaintiff assaulted defendant. There is reason to believe, however, that the defendant was not averse at such and at other times to engaging in physical combat with her husband and not always in defense of herself from threatened injury at his hands. Tempestuous as was their marital career and apparently almost destitute of affection, nevertheless, up to April 14, 1932, the marital status had successfully absorbed the shocks to which it had been subjected. The parties were then still living together and, though both were much chafed, neither had seriously considered a dissolution of the marriage. Whatever the degree of cruelty to which the defendant had submitted she had found it possible to bear it without menace to her health, mental or physical— a consideration which connotes that its cumulative effect upon her had not become intolerable and demands the conclusion that she has failed to sustain proof of the allegation of intolerable cruelty contained in her cross-complaint. *Kilpatrick vs. Kilpatrick,* 123 Conn. 218, 221; *Swist vs. Swist,* 107 id. 484, 489; *VanGuilder vs. VanGuilder,* 100 id. 1, 4; *McEvoy vs. McEvoy,* 99 id. 427, 431; *Sweet vs. Sweet,* 97 id. 693, 694.

The foregoing almost assumes the role of a preface to the events which transpired on April 14, 1932, and the days that followed, concerning the implications of which the parties seriously contend. Each of them claims that the other deserted on that date. No material consideration requires a discussion of the detail of the evidence of such occurrences. It is enough for present purposes to note that when the plaintiff came to his home at an unwonted hour on that day he saw a man run out of the house under circumstances which, in his mind, created grave misapprehensions of his wife's fidelity. Upon demanding an explanation from defendant he was given no answer satisfactory to him. He then sought out the alleged offender, met him and confronted his wife with him. On the

same day, this man is alleged to have dictated to a police officer and signed a statement to the effect that defendant had committed adultery with him. On entering the room where he and the police officer were the defendant tore the writing to pieces but part was recovered and this preserves a significant, if it be a credible statement. The whole affair culminated when defendant and the man on the same day left the plaintiff's home together, on foot, and were last seen heading for the open road, carrying a bag containing some articles of defendant's clothing which they had together packed.

As respects the countercharges that each deserted the other, the following observations seem decisive. First, concerning the plaintiff's contention: It is found that when defendant left the common abode under the circumstances outlined *ante,* she had the then definite intention of separating from plaintiff permanently and that her leaving was without justification because of any wrongful conduct on his part. Under such conditions—if the plaintiff was without sufficient reason for refusing such an offer—she could have offered to return to him and to resume cohabitation at any time before the expiration of the three-year statutory period and thus have prevented the accrual of a right of action in him on the ground of desertion. The only effort made by her in this respect (although she denies that such an occurrence took place) was later on the same day that she had departed. However, this was perfunctory and not in good faith and hence, ineffective. *Merritt vs. Merritt,* 85 N.H. 210, 155 Atl. 692, 76 A.L.R. 1019, 1021; *Tipton vs. Tipton,* 169 Iowa 182, 151 N.W. 90, 94; *McLemore vs. McLemore,* 173 Miss. 765, 163 So. 500, 501.

It appears that by writ and complaint issued on April 15, 1932, plaintiff instituted action for divorce against defendant in the State of New York (where both parties then resided) on the ground of adultery. The defendant since that date has made no effort to become reconciled to plaintiff and has not since then offered in good faith to resume the marital status with him. This action still pends in New York.

From the foregoing it is evident that all of the conditions necessary to constitute statutory desertion of the plaintiff by the defendant are present (*McCurry vs. McCurry,* 126 Conn. 175, 178) unless it can be said that the defendant's absence has been with the plaintiff's consent. The circumstances, however, repel such a suggestion. Whether or not the defendant

committed adultery on the occasion described *ante,* or whether, if she did, the plaintiff is able to establish proof of such wrong-doing, are considerations beside the point. For in any view the defendant's conduct was, at least, highly indiscreet and such as was calculated to arouse suspicion of lack of circum-spection on her part. Under such circumstances, the accept-ance of defendant's act in separating herself from plaintiff did not constitute consent on his part to her doing so. *Niggins vs. Niggins,* 222 Ala. 44, 130 So. 677, 678; *Ex Parte Cox,* 230 Ala. 158, 160 So. 230, 232. These conclusions are, also, decisive of the claim made by the defendant in her cross-complaint that the plaintiff deserted her.

Plaintiff is entitled to judgment on his complaint and in his favor on defendant's cross-complaint and to the issuance of a decree of divorce on the ground of desertion. It is the court's understanding, however, that at the time of the trial he was in default in payment of installments of alimony *pendente lite* under an order of this court entered on December 3, 1940, and possibly, too, for failure to pay counsel fees awarded to the defendant. Judgment may not enter until the plaintiff has satisfied the court that he had complied with these or any other orders imposed upon him.