## FLORENCE LASERSOHN CARNOVSKY
*vs.*
## MORRIS CARNOVSKY

Superior Court      Fairfield County      File No. 64288

### MEMORANDUM FILED JUNE 25, 1942.

*Moses M. Merriam,* of New Haven, for the Plaintiff.

Memorandum of decision in action for divorce.

O'SULLIVAN, J. One of the grounds upon which this court is authorized to grant a divorce is "wilful desertion for three years with total neglect of duty." This ground is established in an action against a husband only when the proof demonstrates the presence of three major elements.

The first is that the offending party has wilfully deserted the other. This requires the co-existence of four conditions: (1) cessation from cohabitation; (2) an intention on the part of the absenting party not to resume it; (3) the absence of, the other party's consent; and (4) the absence of justification. *Dow vs. Dow,* 97 Conn. 488.

The second element is that the husband has totally neglected his duties, as such. One of the chief obligations resting upon him and arising out of the marital contract is that of supporting his wife. *Fitzmaurice vs. Buck,* 77 Conn. 390; *Cohn vs. Snyder,* 102 id. 703. The effect of one who has deserted his wife but nonetheless has supported her during his absence is thus stated in *Tirrell vs. Tirrell,* 72 Conn. 567, at page 571: "The statutory offense of desertion.... contains in it the intent to put an end to the marital condition, and the intent never to renew it. A total neglect of duty, if voluntarily persisted in, would ordinarily furnish satisfactory evidence that the intention in both respects existed. If the neglect of duty is involuntary, then the intent to desert must be uncertain....And so, on the other hand, if the performance of the duty is by compulsion and against the will of the

party, then the intent to desert cannot be said not to exist." And by way of corollary to this excerpt, it can be said that the deserter who under no compulsion or threat of compulsion, but solely because he wishes so to do, supports his wife during the period of desertion, cannot be deemed to have totally neglected his duty.

The third element is the existence of a three-year period both for the wilful desertion and for the total neglect of duty. The instant case presents a situation where the defendant wilfully deserted his wife several years ago, and yet, during the entire period of the desertion has continued to support his wife. And this course of conduct he has pursued, not because of anything remotely suggesting compulsion, but simply because he desired to do so. Consequently the plaintiff has failed to establish an essential element of the ground upon which she relies.

Actual notice is found. Judgment shall enter for the defendant.