RAMONA S. MCDONNELL v. CHARLES W. MCDONNELL

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 66448

Memorandum filed May 14, 1946.

*Chambers* and *Grimes,* of New Haven, for the Plaintiff.

*William B. Gumbart, Arthur Corbin, Morris Tyler* and *James W. Cooper,* of New Haven, for the Defendant.

CORNELL, J. This cause was made ex parte because of defendant's failure to plead a defense to the action. The com-plaint alleges two grounds for a divorce, namely, intolerable cruelty and desertion. At the hearing evidence was submitted in support of the latter only. The facts so established demon-strate that defendant, on September 21, 1942, left plaintiff without her consent or justification furnished by her and has since absented himself from her continuously for more than three years with the intention of never returning. However, it also appears that throughout the entire period after the par-ties separated and up to and at the time of the hearing the de-fendant has maintained a home for the plaintiff and the minor child of the marriage and supported them therein. The ques-tion is thus projected whether, under such circumstances, de-fendant has been guilty of deserting plaintiff within the concep-tion of General Statutes § 5174, which authorizes a divorce for "wilful desertion for three years with total neglect of duty."

Whatever of doubt there may be has not been allayed by the opinion in *Tirrell* v. *Tirrell,* 72 Conn. 567, 47 L. R. A. 750. It there appeared that a deserting husband had made payments toward his wife's support during part of the statutory period, but did so in compliance with an order of court. It was held that the support so furnished was under compulsion and for that reason would not, as a matter of law, bar a divorce to her; that it was evidence to be considered by the trier in determining the ultimate question, which was whether defend-ant's departure and continued separation from plaintiff was with the intention of putting an end to the marital relation and never renewing it. *Tirrell* v. *Tirrell,* supra, 571. Though the question was not before the court, the opinion, probably be-cause of a passage at page 570, has been interpreted as im-pliedly ruling that in an action for a divorce on the ground of desertion by a wife against her husband no decree may be granted, as a matter of law, if it appears that the defendant has "voluntarily" supported the plaintiff during the whole or

a substantial part of the three-year period next following the husband's departure from the marital abode. *Holden* v. *Holden,* 4 Conn. Supp. 499, 500. *Carnovsky* v. *Carnovsky,* 11 Conn. Supp. 14, 15.

There is a statement in 17 Am. Jur. 197, § 93, and in 9 R. C. L. 367, 368, § 154, contrary to the holding in *Tirrell* v. *Tirrell,* supra, to the effect that authority exists to support the view that even if payments for the support and maintenance of his wife, from whom he is wrongfully absent, are made by a husband under the coercion of an order of court, there is no desertion "with total neglect of duty" on his part: "In England, and in this country under some statutes, desertion by the husband to be ground for divorce must be accompanied with total neglect of duty. In England it has been held, where the husband deserts the wife and under an order of court is compelled to and does furnish money for her support, that his desertion while so furnishing support is not to be considered a desertion with total neglect of duty." However, examination reveals that the proposition stated is without any authority to sanction it, as there is no such provision in any statute in England and no case in that country or in the United States holding as the text quoted recites. Though none of them rationalize their conclusions and though they are not numerous, those authorities in other jurisdictions which have examined the question are all but unanimous in the view that the circumstance that a deserting husband furnishes a wife with support which she accepts while he is unjustifiably absent from her will not operate to deprive a wife of a divorce from him on the ground of desertion or abandonment if she would otherwise be entitled to it. *Benton* v. *Benton,* 214 Ala. 321, 323; *Young* v. *Young,* 94 N. J. Eq. 155, 157; 25 A. L. R. 1049; *Power* v. *Power,* 66 N. J. Eq. 320, 323, 105 Am. St. Rep. 653; *Magrath* v. *Magrath,* 103 Mass. 577, 580; *Elzas* v. *Elzas,* 171 Ill. 632; 2 Schouler, Marriage, Divorce, Separation & Domestic Relations (6th Ed.) p. 1855, § 1640, 27 C. J. S. 564, § 36(a); 17 Am. Jur. 196 § 93; note, 138 Am. St. Rep. 164.

However, none of the statutes with which any of the cases cited deals contains the phrase "with total neglect of duty" nor is there any such statute either in England or in this country which employs it except our own. The question of present concern is, hence, wholly one of first impression in this state. The answer depends upon what duty or duties are comprehend-

ed by the phrase "total neglect of duty" as it appears in the statute, or, more pertinently, whether the obligation of a husband to support his wife is among them. In this connection it is to be noted that the language in which the pertinent statutory provision is couched ("wilful desertion for three years with total neglect of duty") does not refer to a complete abandonment of the performance of all the duties of the marriage relation. The word "total" as it appears in the context modifies the word "neglect," and the word "duty" is in the singular. Taken literally, the implication is strong that the provision deals with a default in a particular duty owing by each party to a marriage to the other, but requires that such "neglect" be "total" (i. e., complete) to justify a dissolution of the marriage on the ground of desertion. That is, it is not enough that a husband, while living in the same apartment with his wife, refuse to have sexual intercourse with her. *McCurry* v. *McCurry,* 126 Conn. 175, 179. There must, in addition to such refusal, be a complete separation of the parties. *McCurry* v. *McCurry,* supra; *Pfannebecker* v. *Pfannebecker,* 133 Iowa 425, 119 Am. St. Rep. 608, 12 Ann. Cas. 543. When both these conditions exist, the neglect is "total." The duty, the neglect of which the statute requires be total, must necessarily be one involved in the cause for divorce with which the particular provision in which it appears is concerned, namely desertion. The duty that is violated when a husband deserts his wife is that of her right of cohabitation with him. Thus, the elements of a cause for divorce on the grounds of desertion have been stated as (1) cessation from cohabitation by defendant continuously throughout a period of three years next following his departure; (2) accompanied with an intention not to renew it; (3) without plaintiff's consent or (4) justification furnished by her to excuse his conduct. *Gannon* v. *Gannon.* 130 Conn. 449, 450, 150 A. L. R. 986; *Smith* v. *Smith,* 129 Conn. 704, 705; *McCurry* v. *McCurry,* 126 Conn. 175, 178.

Cohabitation is a word that admits of many connotations, the variety of which, depending upon the particular statute in which it is used and otherwise, need not be explored here. See 7 Words & Phrases (Perm. Ed.) p. 552 et seq. As employed herein, it conceives the dwelling together of a husband and wife in a common abode with access to each other for intercourse. Insofar as the wife, particularly, is concerned, it implies the right in such home to the society and the protection

of her husband and of his name. See 17 Am. Jur. 196 § 93. "The language of our statute, 'total neglect of duty,' contemplates a complete separation of the parties for the statutory period accompanied with a design on the part of the one who has left the common abode not to resume cohabitation. It imports a cessation of cohabitation a refusal to live together, which involves an abnegation of all the duties and obligations resulting from marriage contract." *McCurry* v. *McCurry*, supra, 179. It follows that the obligation of a husband to support his wife can be comprehended within the meaning of the word "duty" in the provision in question only if it forms part of his duty to cohabit with her since it is with the ruptured right of cohabitation that desertion as a ground of divorce is, alone, concerned.

There is, however, neither identity nor interdependence between the duty of a husband to afford his wife proper maintenance and that to cohabit with her. Quite evidently he may wholly neglect the one while completely fulfilling the other and, conversely, may completely perform the duty of supporting her while, living apart from her, he condignly denies cohabitation to her. The two duties, too, are distinct in their origins. It is elemental that in conception of law the marriage contract is one thing and the status that ensues when it is entered into is another and that from each arise correlative legal rights and obligations. Thus, it is said that "Marriage is that ceremony or process by which the relationship of husband and wife is constituted. . . . But when the relation is constituted then all its incidents, as well as the rights and duties of the parties resulting from the relation, are absolutely fixed by law. Hence, after a marriage is entered into the relation becomes a *status*, and is no longer one resting merely on contract." *Allen* v. *Allen*, 73 Conn. 54, 55, 49 L. R. A. 142, 84 Am. St. Rep. 135. The duty to cohabit is implicit in the marriage contract; the duty to support and maintain a wife is an incident of the marital relation thereby created and is imposed by law. The contract of marriage is the product of the voluntary act of the parties; the duty to support is affixed by the state independent of the will of the parties and as a legal incident of the ensuing status.

So, also, the duty to support differs from that to cohabit, in its nature and the person to whom it is owed. The obligation of a husband to maintain his wife is sustained by him both

toward his wife and toward the state. That to the wife is en-
forceable in equity. *Hein* v. *Hein,* 127 Conn.503, 506; *Smith*
v. *Smith,* 114 Conn. 575, 578; *Artman* v. *Artman,* 111 Conn.
124, 129; and under General Statutes, § 1717; *Smith* v. *Smith,*
114 Conn. 579, 580. Likewise, if the husband absents himself
from his wife and while so separated from her fails to support
her, she is entitled to indemnity from him for any sums which
she is compelled to spend out of her own funds to satisfy any
claim for her reasonable necessaries. General Statutes, Cum.
Sup. 1935, §1596c; *Churchward* v. *Churchward,* 132 Conn.
72, 79, 42 Atl. (2d) 659. However, these all relate to the
duty owing by a husband to his wife inter sese, enforceable
by civil action by her at her election. The duty of a husband
to support his wife with which concern is had here is that im-
posed by the state and is presently embodied in the provisions
of General Statutes, Cum. Sup. 1935, § 1702c; also, in those
of the provisions of General Statutes, § 1717, which provide
that if any person "shall become poor and unable to support
himself or herself and family, and shall have a husband or wife,
father or mother, grandfather or grandmother, children or
grandchildren who are able to provide such support, it shall
be provided by them," and that any order made by this court
upon complaint made to it shall be enforceable by contempt
proceedings. General Statutes, Cum. Sup. 1939 § 563e. While
a wife necessarily benefits from a prosecution under § 1702c,
the purpose of that statute, as well as of § 1717 as amended
(*Koniak* v. *Koniak,* 123 Conn. 338, 342), is to "protect the
public purse from demands upon it which would otherwise re-
sult." Manifestly, the duty of a husband to support his wife,
with the violation of which the law is concerned in these stat-
utes, has no affinity with the duty of a husband to cohabit
with her, the breach of which constitutes desertion within the
meaning of § 5174. The one is a duty imposed by the state
and is owed to the state; the other is a duty owed to the wife.
In case of neglect in the performance of the one, it is the state
which is offended and the state which penalizes it; in the other
it is the wife who is wronged and upon her a remedy is con-
ferred, to be invoked or not at her personal option, the state
taking no cognizance of it. In the one case it is a duty with
which the public is concerned that is disregarded; in the other,
one that is wholly private. The duty to cohabit is of the es-
sence of the marriage contract; that of the husband to support
his wife is annexed to the marital status.

For all of the reasons discussed, the conclusions are reached that there is a clear distinction between the duty of a husband to support his wife and that to cohabit with her; that desertion as a ground for divorce in this state is concerned only with the cessation of cohabitation; that the phrase "with total neglect of duty" refers only to refusal to cohabit and makes it manifest that such default, to provide a cause for divorce, must be intentional, complete and continuous throughout the prescribed three-year period; and that the neglect to cohabit is a breach of the marriage contract, while the failure of a husband to support his wife is a violation of a duty annexed by law to the marital status, and neither, in itself, includes the other. From these conclusions it results that, while a failure of a deserting husband to support his wife after leaving her is a fact material to his intention to terminate the marriage, yet the fact that he fully maintains and provides for her necessities on his own initiative and without the compulsion of any order of court does not show a performance of any duty contemplated in the language "total neglect of duty" as used in § 5174, authorizing a divorce for wilful desertion for more than three years. Finally, the word "duty" as it appears in the provision referred to means the duty to cohabit and includes no others. It follows that the circumstance that defendant furnished a home for the plaintiff and supported and maintained her therein, all of which she accepted throughout the period of three years next following his absence from her, does not as a matter of law preclude the granting of a decree to her on the ground of desertion.

The agreement concerning provision for the support and maintenance of the plaintiff and the child, Ramona, including the education of the latter, reads as though it is intended to be in lieu of any allowance of the alimony prayed for in the complaint. If such is the case, no allowance will be made. If it is the purpose that alimony be ordered in accordance with the provisions of such agreement, it will be necessary that a further hearing be had, at which evidence should be submitted to enable the court to determine whether or not such agreement makes a fair provision for plaintiff under all the circumstances. See *Jennings* v. *Jennings*, 11 Conn. Supp. 391, 396. Plaintiff is entitled to a divorce, but the decree will not be entered until the matter of alimony and support for the minor child is disposed of.