SEBASTIAN MUSCATELLO v. ANGELINA RIZZO MUSCATELLO

SUPERIOR COURT          MIDDLESEX COUNTY          FILE No. 8452

Memorandum filed February 25, 1947.

*Alvin C. Leone,* of Hartford, for the Plaintiff.

*Joseph A. Adorno,* of Middletown, for the Defendant.

INGLIS, J. In October, 1930, the plaintiff, an American citizen, went to visit in Italy. He entered that country on a passport visaed for a six months' stay. While there at Melilli, Sicily, on November 15, 1930, he married the defendant, a citizen of that country.

At the time of the marriage it was the intention of the parties to come to the United States. Shortly after the marriage proceedings were started to obtain the permission of the United States immigration authorities for the defendant to enter this country. Upon the physical examination of the defendant, however, that permission was refused. It developed that the reason for the refusal was that she had a disease of the eyes, which disease, the parties were told by their own physician, was probably incurable.

In March, 1931, when his visa was about to expire, the plaintiff left Melilli to return to this country, with the understanding between him and the defendant that she would continue to make efforts to get the requisite permission to join him here. Shortly after his return, the plaintiff deposited 35,000 lire in the Postal Savings Bank in Rome in such a way that it could be withdrawn on the signatures of both him and his wife. This deposit was made for the purpose of financing her future attempts to come to this country.

Between 1931 and 1938, the defendant presented herself on more than a dozen occasions to the immigration authorities, but each time she was refused permission to enter the United States. On one occasion she withdrew 5000 lire of the deposit, with the plaintiff's consent, and later used that for her own support. Since then the plaintiff has made arrangements for her to have the income of the balance of 30,000 lire, but aside from that he has done nothing for her support.

In August, 1938, the last attempt to get permission to enter this country was made by the defendant, and she was then rejected. Shortly thereafter she wrote her husband that she was

sick and tired of being rejected and would make no more at-
tempts. She urged him to come to Italy and live with her, but
he felt that was impossible. From her earlier correspondence it
appears that a part of her reason for taking this position was a
resentment which she felt because of his neglect of her since
1931. However, the controlling factor was that she was con-
vinced, and justifiably so, that any further attempts to emigrate
would be useless.

The desertion which under the statute is a ground for divorce
is a "wilful" desertion. It is an intentional cessation of co-
habitation without justification or excuse. *Bennett* v. *Bennett*,
43 Conn. 313, 318; *Todd* v. *Todd*, 84 Conn. 591; *McCurry* v.
*McCurry*, 126 Conn. 175. Certainly a cessation of cohabita-
tion made necessary by events or conditions over which a spouse
has no control is not wilful desertion. Nor is a separation for
which there is justification on the part of the one who causes the
separation wilful desertion. That is true whether the justifica-
tion lies in the conduct of the other spouse or in vis major.

In this case clearly the cause of the separation lies in the fact
that the defendant has an incurable disease which under the
law prevents her from living with her husband. This is not her
fault. She is the victim of circumstances over which she has
no control. Accordingly, it can not be found that she has
deserted the plaintiff.

Judgment may enter denying the divorce.