THRASHER *v.* THRASHER

No. 403'21 December 17, 1956 91 So. 2d 543

*L. W. Brown,* Starkville, for appellant.

*Aaron L. Ford,* Jackson, for appellee.

GILLESPIE, J.

This is an appeal from a decree of the chancery court granting appellee a divorce on the ground of desertion. Two questions are involved: (1) Whether desertion as a cause for divorce may be charged in the language of the statute, and (2) whether appellant made a good faith offer of reconciliation before the expiration of the statutory period, and if so, whether appellee rejected such offer.

The original bill filed by appellee charged that ''Since the 16th day of September, 1954, defendant has wilfully, obstinately, continuously, and with out just or lawful cause remained away from the home of complainant, his place of business, and has wholly and completely de-

serted complainant. . . . . (5) Complainant states that defendant is guilty of wilful, continued and obstinate desertion of complainant for the space of more than one year immediately prior to the filing of this bill, and by reason thereof, complainant is entitled to a full, complete and absolute divorce from defendant.''

■■ ■ The fourth cause for divorce is ''wilful, continued and obstinate desertion for the space of one year.'' Sec. 2735, Code of 1942. The elements necessary to constitute desertion as a cause for divorce are stated in Sec. 96, Amis on Divorce and Separation in Mississippi, wherein it is said that it would seem that each of such elements should be separately charged and proven, but the author said that ''Ordinarily the offense is charged in the language of the statute.'' We are of the opinion that the charge of desertion was sufficiently stated and the chancellor properly overruled the demurrer.

In a previous divorce case between the same parties filed by appellant, the appellee was charged with habitual cruel and inhuman treatment. That suit was tried and a decree was entered March 16, 1955, in which the court found that appellee was not guilty of habitual cruel and inhuman treatment, but that appellant wilfully deserted appellee on September 16, 1954 without lawful cause. On the afternoon of the day the trial terminated in that case appellant sent the sheriff to see appellee with the message that she and her 17 year old son by a former marriage would be back home the next day. Appellee told the sheriff that he would talk to his lawyer about the son returning. The next day appellee worked in his drug store in Ackerman, where both parties lived within a few blocks of each other, until three o'clock in the afternoon when he left town for a vacation. He remained on vacation a week. While appellee was away, appellant went to his home twice, each time finding no one there. The first time she went to appellee's home was late in

the afternoon of the day appellee left for his vacation. Thereafter, appellant made no effort to communicate with appellee in any manner, although she knew at all times that he was living and operating his drug business in Ackerman. Shortly after the former trial, appellant left for Memphis, where she has since lived.

The offer to return was not accompanied with any explanation or apology for having deserted appellee, nor did appellant make any representations as to her attitude and whether she sincerely desired to resume the marital relationship on a permanent basis. Appellee was not unreasonable in desiring to talk to his lawyer about the son's status or in taking a vacation at that time. She had not returned by the next afternoon, and he stated that he was nervous from the trial. Appellee was entitled to a reasonable time within which to consider the matter. Moreover, the chancellor was justified in considering the fact that appellant did not follow up the matter by making suitable inquiry as to what appellee had decided to do. This was her duty absent a flat rejection on the part of appellee, which was not the case. It would seem to us that if appellant genuinely desired to become reconciled with her husband she would have done more than go to his house on two occasions when he was away from home; that she would have made it a point to go there when he was at home so that she might know where the matter stood.

 Under the facts and circumstances of this case, the chancellor was justified in finding that no good faith offer of reconciliation was made by appellee, and whether made in good faith or otherwise, appellee did not reject it. Amis, Divorce and Separation in Mississippi, Sec. 94; McLemore v. McLemore, 173 Miss. 765, 163 So. 500; Lynch v. Lynch, 217 Miss. 69, 63 So. 2d 657.

Appellant moved for the allowance of an attorney's fee for services rendered by her counsel in this Court, and appellee does not resist the motion. Accordingly,

we allow $125.00, which is one-half of the amount allowed in the court below.

The decree of the lower court is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes,* and *Ethridge, JJ.,* concur.