383 So.2d 817 (1980)
David H. CULVER
v.
Joyce CULVER.
No. 51860.
Supreme Court of Mississippi.
May 14, 1980.
Dan W. Webb, Grady F. Tollison, Jr., Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Oxford, for appellant.
Philip T. Dean, Billy J. Jordan, Columbus, William T. Sloan, Oxford, for appellee.
Before PATTERSON, C.J., and ROBERTSON and SUGG, JJ.
PATTERSON, Chief Justice, for the Court:
In the Chancery Court of Lafayette County, David Culver sought on the grounds of habitual cruel and inhuman treatment a divorce from Joyce Culver, his wife of twenty-eight years. Mrs. Culver denied the allegations in the bill of complaint and through a cross bill sought a decree of separate maintenance. Despite uncontradicted evidence that Mrs. Culver had for eight years refused her husband sexual relations, the court denied the divorce. Mr. Culver appeals. We reverse.
Mr. Culver testified that his wife forced celibacy upon him without justification and publicly directed at him embarrassing, abusive language, including false accusations of adultery, causing him to develop nervousness and a rash. Other witnesses corroborated this testimony that Mrs. Culver's conduct adversely affected her husband's health.
Mrs. Culver said she refused sexual relations because of her husband's drinking habits. She testified that he regularly drank beer to excess, causing a personality change; hence her refusal. She acknowledged that Mr. Culver gets up at six or seven every morning as he has for years, going to work sober. Friends of the Culvers testified that Mr. Culver enjoys beer, but cannot be classified as a drunkard. Mr. Culver stated that he drinks no hard liquor, only beer. His son agreed, testifying that his father very rarely drinks anything other than four or five beers during evening and early night. The son also indicated that Mrs. Culver herself enjoys vodka on occasion.
This Court has held that inexcusable long-continued refusal of sexual relations warrants divorce, either on the ground of constructive desertion for the statutory period, Graves v. Graves, 88 Miss. 677, 41 So. 384 (1906), or on the ground of habitual cruel and inhuman treatment, Sarphie v. Sarphie, 180 Miss. 313, 177 So. 358 (1937). Although habitual drunkenness could *818 doubtless operate as an excuse for long-continued refusal of sexual relations, the evidence presently before us clearly fails to support the court's finding that Mr. Culver "stayed pretty well soaked on beer practically all the time." Indeed, the court held both the Culvers had grounds for divorce, but denied a divorce to Mr. Culver despite evidence indicating he is a respected member of the community, with reputable friends and regular employment. It also denied Mrs. Culver separate maintenance beyond a three-month period allowed to permit her to aid her brother in the settlement of her father's estate.
Under the circumstances of this case, we conclude that the court manifestly erred in refusing Mr. Culver a divorce on the ground of habitual cruel and inhuman treatment. We therefore remand this case to the Chancery Court of Lafayette County for entry of a divorce decree and further proceedings respecting the allocation of the parties' property.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.