BLASS, Justice,
for the Court:
This is a divorce proceeding between parties who were married in 1953. The four children born of the marriage are over 21 years of age, self-supporting, and not involved in this litigation. The husband is a truck driver who is retired from the Marine Corps. He receives approximately $12,-000.00 per year from annuities from the Marine Corps and earns approximately $14,000.00 per year as a truck driver. The wife is a teacher, with a Master’s degree, *183 and earns approximately $22,000.00 per year for nine months of teaching. She obtained both of her degrees after the parties moved to Mississippi in 1969 and during their marriage. They own a home in Hancock County, Mississippi, upon which there is a mortgage with a balance remaining of approximately $8,872.00, which the husband has been paying and is now paying.
The testimony in this case is sharply conflicting as to the cause of the difficulties between the parties. Mrs. Handshoe claims that the marital problems arose due to Mr. Handshoe’s long absences from home and lack of family involvement. Mr. Handshoe testified that Mrs. Handshoe unsuccessfully asked him to leave the family home in 1975, and that Mrs. Handshoe has refused to have conjugal relations with him since 1976 [1] Mrs. Handshoe then moved Mr. Handshoe out of the master bedroom, and later she gave all his clothes away to Goodwill. Mr. Handshoe further testified that throughout the couple's marital trouble, he tried to keep the marriage together [2]. He even changed jobs and took a pay cut in order to spend more time at home in his efforts to save his marriage. Nonetheless, his wife moved out of the family home and into an apartment in 1986 for a year and a half. Mrs. Handshoe testified that she needed the apartment due to the location of her job. Then, during the summer of 1988, she moved back into the family home, but she only stayed two weeks. She moved out of the family home, again, in July of 1988, after the divorce action had been filed. There is no disagreement, however, about the fact that the parties stopped normal conjugal relations at least as early as 1982, upon the insistence of Mrs. Handshoe.
The husband sued for divorce in June of 1988, and the wife answered and counter-claimed, each charging the other with constructive desertion or habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. Since there was no property settlement agreement, the latter ground, of course, would not lie. The Chancellor found for the husband, granted him a full and complete divorce on the ground of willful, continued and obstinate desertion for the space of one year “since the wife admitted she had not lived as plaintiffs wife since 1982.” The Chancellor dismissed the counter-claim and denied all relief sought therein. He found that the defendant had adequate income to support herself; that she was in good health; and that she holds a Master’s degree in Special Education, acquired during the marriage. Costs were taxed against the defendant.
On the conflicting evidence of this case, we cannot say that the Chancellor’s findings are manifestly wrong in any respect. Day v. Day, 501 So.2d 353, 356 (Miss.1987). The record contains substantial evidence to support the finding of the Chancellor. Id. at 356.
After the trial of the case, the defendant wife, appellant here, discharged her counsel and employed new counsel who filed the appeal. In her appeal, the wife, through counsel, sets out the statement of issue, which we quote below:
1. The lower court lacked subject matters jurisdiction due to vague and insufficient pleading upon the appellee.
2. The chancery court erred in granting a divorce to the appellee on the grounds of desertion pursuant to the Code as Annotated, § 93-5-1.
Appellant’s counsel amplifies these issues somewhat in his brief in arguing in the following language:
(1) The lower court lacked subject matter jurisdiction due to the fact that the appellee did not plead willful, continued, obstinate desertion within the *184 meaning of Miss. Code as Annotated § 93-5-1.” ....
(2) The lower court erred in granting a divorce to the appellee in that insufficient evidence exists to substantiate the claim that the appellant was guilty of willful, obstinate desertion for the space of one year within the meaning of the Mississippi Code as Annotated § 93-5-1.
As best we can tell from appellant’s brief, appellant contends that the Court does not have subject matter jurisdiction because the complaint[3] filed by the plaintiff, appellee here, charges that the appellant was guilty of willful, continued and constructive desertion for the past twelve years. Appellant’s counsel argues that no such ground exists for divorce in the State of Mississippi[4] “but is in fact only grounds created by this court.” Apparently then, counsel’s argument is not, properly speak-' ing, that -the court does not have subject matter jurisdiction but that the allegations of the complaint do not set out a ground for divorce with respect to desertion.
No complaint or objection on this score was made in the trial court and the matter was fully tried on the desertion issue. The Chancellor found that the appellant was guilty of willful, obstinate and continued desertion for the space of more than one year and granted the divorce on that ground[5]. Clearly the case was tried by consent on this point and no objections to the evidence were made on the basis of any faulty pleadings. Queen v. Queen, 551 So.2d 197, 200 (Miss.1989).
Moreover, it is evident, from the face of the record, that the Chancellor did have jurisdiction of the subject matter and the case was fully tried on the issue raised. We find that the plaintiff’s charge of desertion was sufficiently stated in the language of the statute. MISS. CODE ANN §§ 93-5-1 (1972), 93-5-7 (Supp.1989); Thrasher v. Thrasher, 229 Miss. 536, 91 So.2d 543 (1956).
Upon examination of the content of the brief, it is evident that the second point or issue is simply a challenge to the Chancellor’s finding that the appellant was guilty of desertion. As we have stated above, the finding of the Chancellor is supported by substantial evidence and, although the testimony is conflicting, we cannot say the Chancellor is in manifest error in his findings. Day, 501 So.2d at 356; Marshall v. Marshall, 205 So.2d 644, 646 (Miss.1968).
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.

. Mrs. Handshoe testified that the parties terminated conjugal relations in 1982.

. See Criswell v. Criswell, 254 Miss. 746, 182 So.2d 587 (1966) (one year statutory period required for obtaining a divorce on the ground of desertion could not be computed from date of separation of husband and wife, but could only be computed from date of husband’s allegedly unconditional good faith reconciliation effort which wife refused, thus assertedly changing the character of the separation to wilful and obstinate desertion).

. The complaint provided:
.... Plaintiff states that the defendant has been guilty of willful, continued, and constructive desertion for the past 12 years, said defendant having abandoned all marital relations with the plaintiff without the consent of the plaintiff and without just cause or excuse and without intention of returning to plaintiff. That the defendant is guilty of CONSTRUCTIVE DESERTION or HABITUAL CRUEL AND INHUMAN TREATMENT or in the alternative irreconcilable differences and plaintiff is therefore entitled to an absolute divorce of and from defendant.

. But see MISS. CODE ANN. § 93-5-1 (1972) (stating that the fourth ground for divorce in Mississippi is for wilful, continued and obstinate desertion for the space of one year); Day v. Day, 501 So.2d 353, 356 (Miss.1987) (recognizing the doctrine of constructive desertion); Lynch v. Lynch, 217 Miss. 69, 63 So.2d 657 (1953) (same); Griffin v. Griffin, 207 Miss. 500, 42 So.2d 720, 722 (1949) (same).

.See Culver v. Culver, 383 So.2d 817, 818 (Miss.1980) (finding that this Court has held that inexcusable long-continued, refusal of sexual relations warrants a divorce, either on the ground of constructive desertion for the statutory period, or on the ground of habitual cruel and inhuman treatment); Graves v. Graves, 88 Miss. 677, 41 So. 384 (1906) (inexcusable long-continued refusal to engage in sexual relations for the statutory period warrants divorce on the ground of constructive desertion).