McRAE, Justice,
dissenting:
I remonstrate the majority’s finding that on September 4,1986, the chancellor entered an order of dismissal pursuant to M.R.C.P. 41(d). Instead, the chancellor actually entered an order passing the case to the inactive file and did not dismiss it. Accordingly, I dissent.
In disposing of this case the majority leaps to the determination that “the chancellor’s authority to hear this ease after having entered an order of dismissal on September 4, 1986, is dispositive.” The majority relies on our well-settled law that a judgment dismissing a stale case can only be set aside during the same term. The majority concludes that since the judgment in the case at hand was not set aside during the same term, the chancellor was without jurisdiction to hear the ease. The majority misses one important point: there was never a dismissal.
Indeed the order of September 4, 1986, refers to M.R.C.P. 41(d), which provides for a dismissal, but it does so in the context that the clerk of the court “having more than 30 days ago mailed notice to attorneys of record as required by MRCP 41(d).” M.R.C.P. 41(d) is not mentioned again in the order. The chancellor states that no good cause had been shown as to why the case “should not be dismissed or remanded.” The September 4, 1986, document, which the majority purports to be a dismissal, is entitled “Order Remanding To Files.” It specifically states:
It is therefore ordered that the Complaint or Petition now before the Court in [Win-stonville v. Demeo, et al] ... is hereby remanded to the inactive files of this Court....
Clearly, the term “inactive” is not synonymous with the term “dismissal.” Remanding the case to the inactive files merely indicates that the ease was taken off of the active files docket. Placing a case in an inactive status simply pauses or holds the case stationary until further notice; it simply does not dismiss the case.
Assuming arguendo that the order did constitute a dismissal, M.R.C.P. 41(d) provides in part that “the court shall dismiss each such case without prejudice.” By both parties filing numerous documents and proceeding to trial, the parties waived the court’s jurisdiction.
The issue of subject matter jurisdiction was addressed in Handshoe v. Handshoe, 560 So.2d 182 (Miss.1990), when a divorce was granted based on an inappropriately stated ground of desertion. We affirmed the chancellor’s decision and held that the case had been tried by the consent of both parties as no objections were made to the faulty pleadings. Id. at 184. We have also stated that where a party “offers no timely objection, we treat the issue as having been tried by implied consent.” Queen v. Queen, 551 So.2d 197, 200 (Miss.1989). Red Enterprises, Inc. v. Peashooter, Inc:, 455 So.2d 793, 796 (Miss.1984) instructs this Court to “be liberal in granting permission to amend when justice so requires.”
*43 The same rule of waiver should apply here today. Both parties consented to the adjudication of this case, and, accordingly, we should not hinder and delay the outcome of justice.
The majority erred in construing the September 4, 1986, document as an order of dismissal. We should address this case on the merits. Undoubtedly, the parties were ready to try the matter as there were never any objections made to the continuing of the case. If the chancellor had intended a resulting dismissal, he would have entered an “Order of Dismissal” — not an “Order Remanding To The Files.” It is for this reason that I dissent.
JAMES L. ROBERTS, Jr., J., joins this opinion.